IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ELECTRIC ENERGY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 10-2629-STA |
| ) | |
| JACK LAMBERT, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING DEFENDANT JACK LAMBERT'S MOTION TO TRANSFER**

Before the Court is Defendant Jack Lambert's Motion to Transfer (D.E. # 19) filed on September 28, 2010. Plaintiff Electric Energy, Inc. ("Plaintiff" or "EEI") has responded in opposition to Defendant's Motion. For the reasons set forth below, Defendant' Motion is **DENIED**.[1]

## BACKGROUND

This case arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq*. On August 28, 2010, Plaintiff filed suit for an equitable lien and constructive trust for medical benefits paid on behalf of Defendant Jack Lambert ("Lambert") pursuant to plan terms for reimbursement and subrogation. According to the Complaint, Plaintiff is a fiduciary of the Group Insurance Plan for Bargaining Unit Employees of Electric

---

[1] Lambert has filed a separate motion for hearing on his Motion to Transfer (D.E. # 22). Because the Court finds hearing on the Motion to Transfer unnecessary, the motion for hearing is **DENIED**.

1

Energy, Inc. ("the plan"), a self-funded plan covered by ERISA. (Compl. ¶ 1.) Lambert was a "covered person" under the plan. (*Id*. ¶ 7.) Plaintiff alleges that Lambert was injured in a automobile accident on May 31, 2005. (*Id*. ¶ 8.) Following the accident, the plan paid medical benefits on behalf of Lambert for his accident-related injuries in the amount of $124,185.90. (*Id*. ¶ 9.)

Lambert brought suit in Illinois state court against the parties involved in the automobile accident and settled his claims against them for $650,000.00. (*Id*. ¶ 10.) In the case at bar, Plaintiff and Lambert dispute whether the plan is entitled to reimbursement of the full amount of benefits paid for the treatment of Lambert's accident-related injuries. Lambert contends that the Illinois common fund doctrine applies and that he should be allowed to reduce the plan's reimbursement amount. (*Id*. ¶ 13.) Plaintiff EEI asserts that ERISA preempts the Illinois common fund doctrine and that the plan is entitled to full reimbursement pursuant to the terms of the plan. (*Id*. ¶ 15.) Although Plaintiff EEI was not a party to Lambert's action in Illinois state court, Lambert filed a petition with the Illinois court to adjudicate the plan's lien. (*Id*. ¶ 14.)

Plaintiff filed this suit naming Lambert and Erie Insurance Exchange ("Erie") as defendants. Defendant Erie held the $650,000 in settlement proceeds from Lambert's state court case. On September 7, 2010, the Court ordered Defendant Erie to deposit the disputed $124,185.90 with the Clerk of this Court pending the outcome of this litigation. Plaintiff then dismissed its claims against Erie. Plaintiff now asks the Court to enforce the plan's terms and award the plan reimbursement for $124,185.90 in medical expenses the plan paid on Lambert's behalf.

In the Motion before the Court, Lamberts seeks transfer of this matter to the United States

District Court for the Southern District of Illinois.  Lambert argues that venue is not proper in this District and that the Court should transfer the case for the convenience of the parties pursuant to 28 U.S.C. §1404(a).  According to Lambert, the relevant factors all favor transfer.  Plaintiff EEI has its principal place of business in the Southern District of Illinois.  The accident in which Lambert was injured and his subsequent lawsuit both occurred in the Southern District of Illinois.  The settlement of Lambert's claims was reached in the Southern District of Illinois.  Based on these facts, EEI could have filed this suit in the Southern District of Illinois.  Lambert states that upon information, the group insurance plan is located in the Southern District of Illinois.  All of the witnesses and sources of proof in this case are found in the Southern District of Illinois, including the scene of the accident.  The only contacts with this Court arise from the fact that the plan administrator is situated in the Western District of Tennessee.  Furthermore, Lambert will face inconvenience and expense traveling to this District because Lambert resides and works in the Southern District of Illinois.  Finally, Lambert contends that the interests of justice require transfer.  Lambert emphasizes the underlying lawsuit was brought in Illinois state court and more importantly that the resolution of EEI's claims in the case at bar will involve the application of Illinois common law.  As a result, the Illinois courts have a stronger interest in the issues presented here.

In its response in opposition, Plaintiff argues that venue is proper in this District and that Lambert has failed to show that transfer for the convenience of the parties is proper.  First, under 29 U.S.C. § 1132(e)(2), venue is proper in any District where the plan is administered.  The plan administrator in this case is located in Memphis, Tennessee.  Therefore, venue is proper in the Western District of Tennessee.  Second, Plaintiff argues that transfer is not appropriate under the

circumstances. Plaintiff's choice of forum is entitled to deference absent a showing that transfer is proper. As for the location of witnesses and evidence, Plaintiff states that the issues presented in this case are purely legal and can be resolved on motion by the parties. No witnesses will be required to travel to this District, and trial is unlikely. Even if summary judgment is not granted and Lambert is required to appear for trial in this District, the distance from his home to Memphis, Tennessee is approximately 180 miles. Such a distance is not enough to defeat Plaintiff's chosen forum. Lambert has not shown that the ability to compel attendance of witnesses or other practical problems would justify transfer. Plaintiff finally urges the Court to reject Lambert's interests of justice argument. Lambert has incorrectly argued that Illinois law will govern the legal issues presented in this case. Rather the Court will apply the federal common law of ERISA and construe the terms of the plan. Therefore, the Court should deny Lambert's Motion.

## ANALYSIS

Pursuant to 28 U.S.C. 1404(a), "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any district or division where it might have been brought."[2] A district court is granted broad discretion when deciding a motion to transfer.[3] Among the relevant factors, the Court should consider (1) the convenience of the parties and witnesses, (2) the accessibility of evidence, (3) the availability of process to make reluctant witnesses testify, (4) the costs of obtaining willing witnesses, (5) the practical problems

---

[2] 28 U.S.C. § 1404(a).

[3] *Reese v. CNH America LLC*, 574 F.3d 315, 320 (6th Cir. 2009).


of trying the case most expeditiously and inexpensively, and (6) the interests of justice.[4]

"[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."[5]

The Court holds that Lambert has failed to demonstrate that transfer is proper. As an initial matter, Lambert's contention that venue is improper in this District is without merit. This action is brought pursuant to ERISA, which provides at 29 U.S.C. 1132(e) that

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.[6]

Accepting Plaintiff's factual allegation that the plan at issue is administered in Memphis, Tennessee, in the Western District of Tennessee, the Court concludes that venue is proper in this Court.[7]

Additionally, the Court finds that the relevant factors do not strongly favor transfer for the convenience of the parties. It is true that both Plaintiff and Lambert reside in the Southern District of Illinois: Plaintiff has its principal place of business there and Lambert is domiciled in that District. Lambert is a covered person under the terms of the plan because Plaintiff employs

---

[4] *Id.* (citing *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 30, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988); *Moses v. Bus. Card Express, Inc.,* 929 F.2d 1131, 1136-37 (6th Cir.1991)).

[5] *Reese*, 574 F.3d at 320 (citation omitted). *See also Lewis v. ACB Business Services, Inc.* 135 F.3d 389, 413 (6th Cir. 1998) ("While Lewis correctly points out that a plaintiff's choice of forum should be given weight when deciding whether to grant a motion to change venue, this factor is not dispositive.").

[6] 29 U.S.C. § 1132(e)(2).

[7] Compl. ¶ 6.

him, and Lambert's place of employment is in the Southern District of Illinois. On the other hand, the plan itself is administered in the Western District of Tennessee, and it follows that plan documents are available in this District. The Court finds that on the whole these factors do not justify transfer. In so far as the factors for transfer relate to the availability of evidence and witnesses, Lambert has not cited any factual or evidentiary dispute that transfer to another District would aid to resolve. Indeed, it appears to the Court that the dispositive issue in this case will be the interpretation of plan language, a question of federal law governed by ERISA and not Illinois common law.[8] Likewise, it does not appear that Lambert's underlying accident, injuries, or lawsuit in Illinois will be relevant to the interpretation of the plan documents.[9] Any proof related to these events will not bear on this case and consequently do not strongly favor transfer.

As for the remaining factors, the Court acknowledges that litigating in this District will pose some practical problems for Lambert, largely because he lives some 180 miles away. That logistical hardship is mitigated by the fact that the issues presented will likely be resolved by dispositive motion. The Court would note that Plaintiff has already filed a motion for summary judgment and that Lambert has filed a motion to dismiss, both motions based on legal arguments that would dispose of the case. More importantly, both motions are based on federal law and not the law of the state of Illinois: Plaintiff's motion for summary judgment based on Federal Rule of

---

[8] *E.g.* 29 U.S.C. § 1144(a); *Longaberger Co. v. Kolt*, 586 F.3d 459, 472 (6th Cir. 2009) ("virtually all state law claims relating to an employee benefit plan are preempted by ERISA." (citation and quotations omitted)); *Health Cost Controls v. Isbell*, 139 F.3d 1070, 1072 (6th Cir. 1997) ("A primary purpose of ERISA is to ensure the integrity and primacy of the written plans.").

[9] *See also Wausau Benefits v. Progressive Ins. Co.*, 270 F. Supp. 2d 980, 985 n.1 (S.D. Ohio 2003) (in an ERISA subrogation action, the fact that the parties and the underlying events were all situated in another district was "insufficient to support a motion to transfer").

Civil Procedure 56 and ERISA; and Lambert's motion to dismiss pursuant to Federal Rule 12(b)(7). As a result, the Court finds Lambert's suggestion that Illinois courts have a stronger interest in these issues to be without merit. The Court concludes that the interests of justice do not strongly favor transfer.

On the whole, Lambert has not demonstrated that Plaintiff's choice of forum should be disturbed in this case. Therefore, Lambert's Motion to Transfer is **DENIED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: November 11th, 2010.