**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

_____

| | | |
|---|---|---|
| **ELECTRIC ENERGY, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 10-2629-STA-tmp** |
| | ) | |
| **JACK LAMBERT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**
_____

Before the Court is Defendant Jack Lambert ("Lambert")'s Motion to Dismiss (D.E. # 21) filed on September 30, 2010.  To date Plaintiff Electric Energy, Inc. ("EEI") has not responded. For the reasons set forth below, the Motion is **DENIED**.

**BACKGROUND**

This case arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 _et seq_.  On August 28, 2010, Plaintiff filed suit for an equitable lien and constructive trust for medical benefits paid on behalf of Defendant Lambert pursuant to plan terms for reimbursement and subrogation.  According to the Complaint,  Plaintiff is a fiduciary of the Group Insurance Plan for Bargaining Unit Employees of Electric Energy, Inc. ("the plan"), a self-funded plan covered by ERISA. (Compl. ¶ 1.)  Lambert was a "covered person" under the plan. (_Id_. ¶ 7.)  Plaintiff alleges that Lambert was injured in a automobile accident on May 31, 2005. (_Id_. ¶ 8.)  Following the accident, the plan paid medical benefits on behalf of Lambert for

1

his accident-related injuries in the amount of $124,185.90. (*Id*. ¶ 9.)

Lambert brought suit in Illinois state court against the parties involved in the automobile accident and settled his claims against them for $650,000.00. (*Id*. ¶ 10.)  In the case at bar, EEI and Lambert dispute whether the plan is entitled to reimbursement of the full amount of benefits paid for the treatment of Lambert's accident-related injuries.  Lambert contends that the Illinois common fund doctrine applies and that he should be allowed to reduce the plan's reimbursement amount. (*Id*. ¶ 13.)  EEI asserts that ERISA preempts the Illinois common fund doctrine and that the plan is entitled to full reimbursement pursuant to the terms of the plan. (*Id*. ¶ 15.)  Although Plaintiff EEI was not a party to Lambert's action in Illinois state court, Lambert filed a petition with the Illinois court to adjudicate the plan's lien. (*Id*. ¶ 14.)

Plaintiff filed this suit naming Lambert and Erie Insurance Exchange ("Erie") as defendants.  Defendant Erie held the $650,000.00 in settlement proceeds from Lambert's state court case.  On September 7, 2010, the Court ordered Erie to deposit the disputed $124,185.90 with the Clerk of this Court pending the outcome of this litigation.  Plaintiff then dismissed its claims against Erie.  EEI now asks the Court to enforce the plan's terms and award the plan reimbursement for $124,185.90 in medical expenses the plan paid on Lambert's behalf.

In the Motion before the Court, Lamberts seeks dismissal of this matter pursuant to Federal Rule of Civil Procedure 12(b)(7) for failure to join a party.  According to Lambert, EEI has failed to bring in necessary parties including "the attorneys and the original defendants in the personal injury claim."  Lambert argues that all of these absent parties "have an interest in the present case, the settlement fund, attorneys fees payable from the fund, and the application of the Illinois Common Fund Doctrine to the settlement fund."  (Def.'s Mot. Dismiss 3.)  Lambert also

cites a Seventh Circuit decision dismissing an ERISA suit for want of federal jurisdiction and indicating that jurisdiction was proper in state court. Therefore, the Court should dismiss EEI's Complaint for failure to join necessary parties.

## STANDARD OF REVIEW

The Court must determine the indispensability of absent parties before ruling on the merits of a case.[1] Pursuant to Federal Rule of Civil Procedure 12(b)(7), a defendant may move to dismiss a complaint for failure to join a party under Rule 19.[2] The Court's analysis involves two steps: (1) the Court must determine whether the absent parties are required parties; and (2) the Court must determine whether, in their absence, equity and good conscience require the case to be dismissed.[3] "If the answer to either question is no, then Rule 19 does not" require dismissal.[4]

The first step of this inquiry is set out in Rule 19(a), which provides that an absent party is required for joinder if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or

---

[1] *Keweenaw Bay Indian Cmty. v. Mich.*, 11 F.3d 1341, 1345-46 (6th Cir. 1993) (citing *Tankersley v. Albright,* 514 F.2d 956, 966 (7th Cir.1975)).

[2] Fed. R. Civ. P. 12(b)(7); 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1359 (3d ed. 2004) ("Rule 12(b)(7) permits a motion to dismiss when there is an absent person without whom complete relief cannot be granted.").

[3] *Sch. Dist. of City of Pontiac v. Sec'y of U.S. Dept. of Educ.*, 584 F.3d 253, 264-65 (6th Cir. 2009). *See also Keweenaw Bay*, 11 F.3d at 1345 (applying pre-2007 version of Rule 19 and citing *Local 670 v. Int'l Union, United Rubber, Cork, Linoleum and Plastic Workers of Am.,* 822 F.2d 613, 616 (6th Cir.1987), *cert. denied,* 484 U.S. 1019, 108 S.Ct. 731, 98 L.Ed.2d 679 (1988)).

[4] *City of Pontiac*, 584 F.3d at 265.

3

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.[5]

If the Court finds that an absent party is required but that joinder is not feasible, then the Court must proceed to the second step, which is governed by Rule 19(b).[6]  Under that paragraph, the Court "must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed."[7]  The factors for the court to consider include:

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
(2) the extent to which any prejudice could be lessened or avoided by:

> (A) protective provisions in the judgment;
> (B) shaping the relief; or
>
> (C) other measures;

(3) whether a judgment rendered in the [party's] absence would be adequate; and
(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.[8]

The Supreme Court has opined that "the issue of joinder [under Rule 19] can be complex, and

---

[5] Fed. R. Civ. P. 19(a).

[6] *City of Pontiac*, 584 F.3d at 264.

[7] Fed. R. Civ. P. 19(b).

[8] Fed. R. Civ. P. 19(b).

4

determinations are case specific."[9]  Therefore, "the rule is not to be applied in a rigid manner but should instead be governed by the practicalities of the individual case."[10]

## ANALYSIS

The Court holds that Lambert has failed to show that any absent parties are actually indispensable or that their joinder is required in this litigation.  As such, Lambert's Motion to Dismiss must be denied.  Lambert argues that the attorneys and the named defendants in his tort suit in Illinois state court are absent and indispensable to the case at bar.  According to Lambert, each of these parties "have an interest in the present case, the settlement fund, attorneys fees payable from the fund, and the application of the Illinois Common Fund Doctrine to the settlement fund."  Under Rule 19(a), the Court must first decide whether it can "accord complete relief among existing parties" in the absence of the named defendants in Lambert's state court case and the attorneys.[11]  "Completeness is determined on the basis of those persons who are already parties, and not as between a party and the absent person whose joinder is sought."[12] Here, the Court holds that neither EEI nor Lambert would receive incomplete relief without the joinder of the state court defendants, Michael R. Keller, Linwood Motors Co., and L & K Eickholz, Inc.  EEI's claims arise under ERISA and call for the Court to interpret the terms of the

---

[9] *Republic of Philippines v. Pimentel*, 553 U.S. 851, 863, 128 S.Ct. 2180, 2188, 171 L.Ed.2d 131 (2008).

[10] *Keweenaw Bay*, 11 F.3d at 1345 (citations and quotations omitted).

[11] Fed. R. Civ. P. 19(a)(1)(A).

[12] *City of Pontiac*, 584 F.3d at 264 (citing *Angst v. Royal Maccabees Life Ins. Co.,* 77 F.3d 701, 705 (3d Cir.1996); *United States v. County of Arlington,* 669 F.2d 925, 929 (4th Cir.1982); and *Eldredge v. Carpenters 46 N. Cal. Counties Joint Apprenticeship & Training Comm.,* 662 F.2d 534, 537 (9th Cir.1981)).

ERISA plan covering Lambert.  The only issue presented is whether the plan requires full reimbursement for any benefits paid on behalf of Lambert or whether Lambert is entitled to deduct his attorney fees from the reimbursement due the plan.  The Court has ordered that the party holding the $650,000.00 in settlement funds, Erie Insurance Exchange, to deposit with the Court the amount EEI seeks as reimbursement for the plan, $124,185.90.  Based on the Court's interpretation of the plan documents and the relevant case law, the Court will either award EEI the full $124,185.90 as reimbursement for medical benefits the plan paid on behalf of Lambert or the Court will allow Lambert to reduce the reimbursement to reflect his attorneys fees from the state court case.  Lambert has not shown how the absence of any of these other parties would affect the Court's ability to grant relief to the existing parties.  Therefore, the Court holds that the absent parties are not required under Rule 19(a)(1)(A).

Likewise, the Court concludes that the absent parties are not required under Rule 19(a)(1)(B).  Rule 19(a)(1)(B)(i) "exists to protect absentee parties, asking the Court to consider whether disposing of the matter in the parties' absence would impair or impede the parties' ability to protect the interest."[13]  In the case at bar, there is no allegation or evidence that any of the absent parties have any interest in the application of the ERISA plan or its terms.  None of the named defendants from the state court action are participants or beneficiaries of the ERISA plan covering Lambert.  Nor are they fiduciaries of the plan.  Furthermore, Lambert has failed to show how any of these parties have an interest in the settlement fund or the attorneys fees payable from the fund.  The record shows that Lambert has released his claims against all of these parties and

---

[13] *City of Pontiac*, 584 F.3d at 266 (citing Fed. R. Civ. P. 19(a)(1)(B)(i)) (quotations omitted).

consented to the dismissal with prejudice of all of his claims against them.[14]   The settlement

funds were actually held and paid into the Court's registry by Erie, and not by any of the absent

parties.  As a result, there is no basis to find that the absent parties have any continuing interest in

the settlement fund or the attorneys fees payable from the fund.  It also follows that the existing

parties cannot be subject to a substantial risk of incurring double, multiple, or otherwise

inconsistent obligations to the absent parties because the absent parties have no identifiable

interest in the outcome of this case.  Therefore, Lambert has failed to show that any of the absent

parties are required to join in this litigation.

The only absent party with an obvious interest in this litigation is Lambert's attorney John

Womick.  Mr. Womick represented Lambert in the state court action and assisted Lambert in

recovering damages from the tortfeasors who injured him.  Because the issue presented is

whether attorneys fees will be deducted from the $124,185.90 EEI seeks in reimbursement, Mr.

Womick has an interest in the outcome of this litigation.  Nevertheless, the Court finds that Mr.

Womick's interest in his fee is adequately represented by an existing party, namely, Lambert

himself.  An absent party is not required in a case where an existing party shares identical

interests and will adequately represent those interests.[15]   Here it is clear that Womick and

---

[14] *See* Def.'s Memo. in Support Mot. Transfer, ex. B.

[15] *City of Pontiac*, 584 F.3d at 266.  *See also Ohio Valley Envtl. Coal. v. Bulen,* 429 F.3d 493, 504-05 (4th Cir. 2005) (determining that absentees were not necessary parties when their interests were identical to those of existing parties who were capable of adequately representing the absentees' interests); *Washington v. Daley,* 173 F.3d 1158, 1167-68 (9th Cir. 1999) (concluding, in a challenge to fishing regulations, that the United States adequately represented tribes who were, therefore, not necessary parties); *Rochester Methodist Hosp. v. Travelers Ins. Co.,* 728 F.2d 1006, 1016 (8th Cir. 1984) (reasoning that the Department of Health & Human Services ("HHS") was not a necessary party under Fed. R. Civ. P. 19(a)(1)(B)(i) because its interests were adequately protected by the United States Attorney who would make "every

7

Lambert share identical interests. The instant Motion was brought by Lambert. Because Mr. Womick continues to represent Lambert in this litigation, it is self-evident that Lambert through Womick will adequately represent their mutual interests, making Womick's joinder under Rule 19 unnecessary.

Finally, Lambert has briefly referred to the Seventh Circuit's decision in *Blue Cross Blue Shield of Illinois v. Cruz*.[16] Lambert has not demonstrated why this case is relevant to his Rule 12(b)(7) Motion or the question of whether an absent party is required. In fact, the Court finds that *Cruz* does not address Rule 19 joinder at all. Lambert cites *Cruz* apparently to argue that this Court lacks subject matter jurisdiction over EEI's claims pursuant to Rule 12(b)(1). To be sure, the facts of *Cruz* are similar to the facts in the case at bar: an insurer brought suit in federal court to obtain reimbursement for medical benefits paid on behalf of an insured, arguing that the federal court should not apply the Illinois common fund doctrine to deduct the insured's attorneys fees. The Seventh Circuit held that the district court lacked federal subject matter jurisdiction and affirmed dismissal. The *Cruz* court reasoned that even though the insured was an employee of the federal government and the insurance contract at issue was authorized under the Federal Employees Health Benefits Act, 5 U.S.C. §§ 8901 *et seq.*, ("FEHBA"), Blue Cross-Blue Shield's claim for reimbursement did not arise under federal law.[17] Accordingly, the federal

---

argument that HHS would or could make").

[16] 495 F.3d 510 (7th Cir. 2007).

[17] *Id*. at 512 (citing *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 166 S.Ct. 2121, 2130, 165 L.Ed.2d 131 (2006)). Decided after the Seventh Circuit's initial decision in *Cruz*, *Empire* "resolv[ed] an intercircuit conflict that the [Supreme] Court identified our [initial *Cruz*] decision as being on the wrong side of [and] held that the suit did not arise under federal law." *Cruz*, 495 F.3d at 512.

court did not have subject matter jurisdiction over the claim for reimbursement, and the insurer would have to file suit in state court.  However, this Court finds *Cruz* clearly distinguishable. The case at bar does not arise under the FEHBA but under ERISA, which unlike the FEHBA expressly preempts state law and confers exclusive jurisdiction on the federal courts.[18] Therefore, Lambert's reliance on *Cruz* is misplaced.

Having held that Lambert has not shown that an absent party's joinder is required for this litigation, Defendant's Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

　s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: December 2, 2010.

_____

[18] *See Sereboff v. Mid-Atlantic Med. Servs., Inc.*, 547 U.S. 356, 360, 126 S.Ct. 1869, 164 L.Ed.2d 612 (2006) (holding that plan fiduciary may seek reimbursement for benefits paid according to the terms of an ERISA plan under 29 U.S.C. § 1132(a)(3)(B)(ii)).