IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| **ELECTRIC ENERGY, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 10-2629-STA |
| ) | |
| **JACK LAMBERT,** ) | |
| ) | |
| Defendant. ) | |

_____

**ORDER GRANTING IN PART, DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS FEES**
_____

Before the Court is Plaintiff Electric Energy, Inc. ("EEI")'s Motion for Attorneys Fees (D.E. # 46) filed on December 15, 2010. Defendant Jack Lambert ("Lambert") has responded in opposition to Plaintiff's Motion. For the reasons set forth below, the Motion is **GRANTED in part, DENIED in part**.

### BACKGROUND

On August 30, 2010, Plaintiff in its capacity as an ERISA plan filed a Complaint to enforce the terms of the group health insurance plan covering Lambert. Lambert was injured in a motor vehicle accident on May 31, 2005, and subsequently obtained settlement funds from third parties responsible for his injuries. The plan paid $124,185.90 in medical benefits on behalf of Lambert in connection with the injuries he sustained in the automobile accident. The issue presented in this case was whether the plan was entitled to full reimbursement of expenses paid on Lambert's behalf or whether the Illinois common fund doctrine applied to deduct a

1

proportional share of attorneys fees from the amount of reimbursement Lambert owed the plan. On December 2, 2010, the Court held that the ERISA plan at issue "expressly provides for full reimbursement of recovered expenses without reduction for attorneys fees."[1] Therefore, the Court granted Plaintiff summary judgment.

In its Motion for Attorneys Fees, Plaintiff seeks an award of attorneys fees pursuant to 29 U.S.C. § 1132(g)(1) of ERISA. Plaintiff reviews the procedural history of this case, including motions filed by Defendant and subpoenas Defendant caused to be issued through the Illinois state court. Plaintiff contends that the Court would be within its discretion to grant Plaintiff its fees incurred in bringing this action. Plaintiff states that it has achieved some success on the merits and argues that all of the relevant factors favor an award of fees under § 1132(g)(1). Additionally, Plaintiff seeks to hold Lambert's attorney, John Womick, jointly and severally liable for the fees pursuant to 28 U.S.C. § 1927, arguing that Womick multiplied the proceedings by filing meritless motions and having two subpoenas improperly issued. Plaintiff has filed an exhibit itemizing attorneys fees in the amount of $44,736.00 and costs in the amount of $364.46.[2]

In response to Plaintiff's Motion, Defendant continues to argue that the state court proceedings in Illinois had already resolved the issues presented when Plaintiff filed this case. Specifically, the Illinois court had already declared that the common fund doctrine applied to

---

[1] Order Granting Pl.'s Mot. Summ. J., 11.

[2] Counsel for Plaintiff originally filed a fee affidavit seeking $54,734.98. Upon inspection, the Court observed that the affidavit listed fees related to the Illinois state court action. The Court instructed counsel to file an amended fee affidavit without any fees connected to the Illinois litigation.

reduce the plan's reimbursement lien on Lambert's tort recovery.  Lambert reiterates his position that the Illinois state court had jurisdiction to decide the reimbursement issue in that case.  Based on that prior history, Defendant asserts that rather than appear and be heard at the state court's lien hearing, Plaintiff chose to bring the case at bar without justification.  For that reason the Court should deny Plaintiff any attorneys fees.  While not denying that EEI did achieve some degree of success on the merits here, Lambert argues that all of the relevant factors weigh against an award of attorneys fees under § 1132(g)(1).  Furthermore, Defendant disputes that his attorney litigated in bad faith and should be liable for any attorneys fees pursuant to 28 U.S.C. § 1927.  Finally, Defendant objects without specificity to Plaintiff's requested fees as "inflated and unjustified" and asserts that Plaintiff seeks other costs and expenses besides attorneys fees, which are not recoverable.

## ANALYSIS

Pursuant to 29 U.S.C. 1132(g)(1), the Court, in its discretion, "may allow a reasonable attorney's fee and costs of action to either party."[3]  The Supreme Court has held that "a fees claimant must show some degree of success on the merits before a court may award attorney's fees under § 1132(g)(1)."[4]  A claimant must do more than achieve "trivial success on the merits" or a "purely procedural victor[y]."[5]  Rather the requirement is met "if the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquir[y] into

---

[3] 29 U.S.C. § 1132(g)(1).

[4] *Hardt v. Reliance Standard Life Ins. Co.*, 130 S.Ct. 2149, 2158 (2010) (citation and quotations omitted).

[5] *Id.*

3

the question whether a particular party's success was substantial or occurred on a central issue."[6]  In the case at bar, the Court has granted summary judgment in favor of Plaintiff.  Therefore, the Court holds that Plaintiff clearly can show some degree of success on the merits.

## I.     The *King* Factors

The Sixth Circuit has adopted a five-factor test to assess whether a district court properly exercises its discretion in awarding fees: (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.[7]  No single factor is determinative, and thus, the district court must consider each factor before exercising its discretion.[8]  Likewise, because they are not statutory and "typically not dispositive," the factors are "considerations representing a flexible approach."[9]  There is no presumption that attorney's fees will be awarded to the prevailing party.[10]

According to Plaintiff all of these factors favor an award of attorney's fees.  First, Plaintiff argues that Defendant litigated the issues presented in bad faith by refusing to abide by

---

[6] *Id.* (citation and quotations omitted).

[7] *Shelby Cnty. Health Care Corp. v. Majestic Star Casino*, 581 F.3d 355, 376 (6th Cir. 2009); *Sec'y of Dep't of Labor v. King,* 775 F.2d 666, 669 (6th Cir.1985) (establishing the five-factor test).

[8] *Moon v. Unum Provident Corp.*, 461 F.3d 639, 642-43 (6th Cir. 2006).

[9] *Id.* at 643.

[10] *First Trust Corp. v. Bryant*, 2410 F.3d 842, 851 (6th Cir. 2005).

the terms of the plan itself and by using the Illinois state court case to subpoena Plaintiff even after the Court had denied a motion to transfer the matter to Illinois. Second, Plaintiff maintains that Lambert has the capacity to satisfy an award of fees from his tort recovery. Third, an award of fees would deter future litigation. On this point Plaintiff again argues that Lambert had no justification to oppose full reimbursement in light of the Seventh Circuit's previous holding about the Illinois common fund doctrine in *Administrative Committee of Wal-Mart Stores, Inc. Associates' Health and Welfare Plan v. Varco*.[11] Fourth, Plaintiff asserts that it brought suit to confer a common benefit on all participants of the plan, to wit, the recovery of funds paid by the plan on Lambert's behalf. Finally, EEI contends that by virtue of its success in every ruling of the Court and ultimately in its motion for summary judgment, EEI's position had more relative merit than Lambert's. Based on these considerations, Plaintiff believes that it is entitled to an award of fees under § 1132(g)(1).

Defendant responds that none of the *King* factors favors the award of attorney's fees. Defendant maintains that he litigated in good faith reliance on the Illinois common fund doctrine and the Illinois state court's ruling that this doctrine applied to Lambert's recovery. Based on the apparent "conflict of law," it was proper for Lambert to litigate this matter. An award of fees, especially in the amount Plaintiff seeks, would burden Lambert and his attorney without actually deterring other Plan participants from litigating similar issues in the future. Plaintiff's action will not confer a common benefit on plan participants. Like Defendant, other Plan participants will not benefit from the common fund rule and be forced to bear the full expense of recovering for their personal injuries. Finally, the merits of the case do not favor an award of

---

[11] 338 F.3d 680, 690 (7th Cir. 2003).

fees because Lambert had already sought to have Plaintiff's lien adjudicated in state court. For these reasons, Defendant argues that the Court should not award Plaintiff its attorney's fees.

Applying the *King* factors to this case, the Court holds that the balance of the factors favor an award of attorney's fees. First, the Court finds Defendant somewhat culpable based on his continued assertion of untenable legal arguments. Defendant has maintained from the start that regardless of contrary language in the plan, the Illinois common fund doctrine applied in this case to reduce the amount of reimbursement due the plan. The Court acknowledges the Illinois Supreme Court's ruling on the common fund doctrine in *Bishop v. Burgard*, 764 N.E.2d 24 (Ill. 2002). Taking that ruling in isolation, Defendant had an arguable basis to oppose Plaintiff's claims for relief. However, the Court has held that the Illinois common fund doctrine would conflict with the plain language of the plan in this case, providing that a participant may not deduct a share of attorney's fees from the reimbursement owed to the plan. Under ERISA, the plan's contractual language must be enforced. As a result, ERISA would preempt Illinois state law, and the plan language controls. The Court has relied in part on *Varco*, the relevant Seventh Circuit authority distinguishing *Bishop*.[12] Defendant has never attempted to show how *Varco* is distinguishable from the facts presented in this case or why *Varco* does not control. Even in response to Plaintiff's Motion for Attorneys Fees, Defendant continues to argue that Illinois law should control and that the Illinois state court had properly adjudicated the lien. Lambert has failed to point the Court to any legal authority either from the Sixth Circuit or the Seventh Circuit that would show Lambert's entitlement to relief. The Sixth Circuit has concluded that

---

[12] Order Granting Pl.'s Mot. Summ. J., 9 (citing *Varco*, 338 F.3d at 690).

"pursuing arguments even after their rejection by the court" is indicative of bad faith.[13] As a result, this first factor favors an award of fees.

Second, the Court finds that the opposing party's ability to satisfy an award of attorney's fees weighs in favor of the award. It is undisputed that Defendant recovered $650,000 for his personal injuries. It follows that Defendant has the ability to satisfy some award of fees.

Third, an award will deter other persons under similar circumstances from litigating the same issues in the future. This case was essentially concerned with ERISA's preemption of state law and specifically the effect of ERISA preemption on the Illinois common fund doctrine. To that extent, the results of this case will deter other litigants in Defendant's position from "unnecessarily expanding the scope and complexity of litigation."[14]

Fourth, Plaintiff as the fiduciary of an ERISA plan sought to confer a common benefit on all participants and beneficiaries of the plan. Plaintiff had a fiduciary duty to enforce the clear and unambiguous terms of the plan. As the Court set out in its order granting Plaintiff summary judgment, the plan language at issue "expressly provides for full reimbursement of recovered expenses without reduction for attorneys fees."[15] In so far as Plaintiff brought suit to obtain full reimbursement owed the plan, Plaintiff sought to confer a common benefit for all of the plan's participants and beneficiaries. Defendant argues that he himself is a plan participant and that the result Plaintiff achieved is contrary to his interests. While the Court agrees with Defendant's premise, the same is true in any case where an ERISA plan seeks reimbursement from a plan

---

[13] *Moore v. LaFayette Life Ins. Co.*, 458 F.3d 416, 445 (6th Cir. 2006).

[14] *Id.* at 446.

[15] Order Granting Pl.'s Mot. Summ. J., 11, Dec. 12, 2010.

participant or beneficiary. In the final analysis, this factor also favors an award of fees.

Finally, Defendant's legal positions have had less relative merit than Plaintiff's. While Plaintiff has cited the appropriate controlling case law, Defendant continues to emphasize that the law of the state of Illinois controls and that the Illinois state court correctly adjudicated the lien on Lambert's recovery. As previously discussed, Defendant has failed to ever address any of the contrary authority upon which Plaintiff has relied. The Court finds Defendant's continued reliance on inapposite case law to be without merit.

## II.     Plaintiff's Claim for Attorney Fees

Based on the *King* factors, the Court finds that an award of attorney fees in favor of Plaintiff is appropriate in this case. The Court must now determine what amount of fees Plaintiff is entitled to recover. The Sixth Circuit has held that the starting point for determining the amount of a reasonable attorney's fee is the "lodestar" amount, which is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate.[16] "Where the party seeking the attorney fees has established that the number of hours and the rate claimed are reasonable, the lodestar is presumed to be the reasonable fee to which counsel is entitled."[17] Counsel for Plaintiff has submitted evidence of his hourly rate and the number of hours expended to bring this case to a conclusion. Counsel's affidavit shows that counsel billed most time at the rate of $240.00 per hour and approximately 9.0 hours of time at the rate of $280.00 per hour. The Court finds that these hourly rates are reasonable for the type

---

[16] *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551 (6th Cir. 2008).

[17] *Id.* at 552 (citing *Pennsylvania v. Del. Valley Citizens Council for Clean Air,* 478 U.S. 546, 564, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986)).

of legal work and issues involved in this case.

Having determined the reasonable hourly rate, the Court's next task is to determine what number of hours is reasonable under the circumstances. The party seeking an award of attorney fees has the burden of demonstrating the reasonableness of hours and the opposing party has the burden of producing evidence against this reasonableness.[18] If the fee applicant presents inadequate documentation of hours, "the district court may reduce the award accordingly."[19] Because ERISA requires that the amount of fees be "reasonable," the claimant must provide time entries detailed enough to allow the court to evaluate their reasonableness.[20] The Court should exclude from its calculation hours that are "excessive, redundant, or otherwise unnecessary."[21]

Based on its review of the fee affidavit, the Court finds that the majority of the time documented in this case was reasonable. In his fee affidavit, counsel for Plaintiff has requested fees for a total of 184.90 hours. In all but a few instances, Plaintiff has met its burden to show that the fees requested and hours expended are reasonable by providing adequate time entries.

---

[18] *Dye v. Bellsouth Telecomm., Inc.*, 462 F. Supp. 2d 845, 856 (W.D. Tenn. 2006) (citing *Blum v. Stenson,* 465 U.S. 886, 893, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984), and *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). The Court observes that these decisions involved an award of fees under Title VII, and not ERISA. The Supreme Court in *Hensley* laid out general standards to follow in making awards of attorney fees under statutes authorizing such awards to a "prevailing party." *Hensley,* 461 U.S. at 433 n. 7, 103 S.Ct. 1933. Therefore, the Court finds it appropriate to rely on these general standards regardless if the precedent involves Title VII or other federal statutes. *See Isabel v. City of Memphis,* 404 F.3d 404, 415 (6th Cir. 2005).

[19] *Hensley,* 461 U.S. at 433, 103 S.Ct. 1933.

[20] *Id.* at 437 n.12, 103 S.Ct. 1933; *Moore v. Freeman,* 355 F.3d 558, 566 (6th Cir. 2004); *Brack v. Shoney's, Inc.,* No. 01-2997, 2004 WL 2806495, at *4 (W.D. Tenn. Jul.29, 2004).

[21] *See Hensley,* 461 U.S. at 434, 103 S.Ct. 1933; *Northcross v. Bd. of Educ. of Memphis City Sch.,* 611 F.2d 624, 636 (6th Cir. 1979).

Nevertheless, the Court finds that approximately twenty percent (20%) of counsel's time, that is, thirty-seven (37) hours, was unnecessary in this case. First, Plaintiff has included time billed for preparing certain motions or briefs which were never actually filed with the Court. The affidavit shows that counsel spent approximately 10.6 hours preparing a motion for a temporary restraining order between August 28 and 29, 2010. However, Plaintiff never filed such a motion with the Court. The affidavit further shows that counsel spent 4.7 hours preparing a response to Defendant's motion for an extension of time in which to respond to the motion for summary judgment. Just like the motion for a temporary restraining order, Plaintiff never actually filed its response brief. The affidavit also includes 2.2 hours spent between October 8 and 9, 2010, preparing a motion for sanctions that was never filed. In all the Court finds counsel spent 17.5 hours on briefs that Plaintiff did not actually submit to the Court. Under the circumstances, the Court finds that this time was not reasonably necessary.

The Court next finds that other time submitted was not reasonably necessary for other reasons. For example, counsel for Plaintiff expended 4.3 hours in preparation of summons and making arrangements to have Defendant Erie Insurance Exchange ("Erie") served in Pennsylvania.[22] The Court finds this time unnecessary based on the fact that counsel for Plaintiff has not shown any effort to avoid the expense of formal service of process and simply have counsel for Erie accept service. The fee affidavit also shows that counsel for Plaintiff spent

---

[22] The affidavit includes time for calls to the Tennessee Department of Insurance and efforts to find a process server in Pennsylvania. The record shows that Erie held the settlement funds Lambert obtained in his state court tort action. Plaintiff named Erie as a defendant in this matter for the purpose of having Erie deposit the disputed funds into the registry of the Court. As soon as this was accomplished, Plaintiff voluntarily dismissed Erie as a party. *See* Notice of Voluntary Dismissal, Sept. 24, 2010, D.E. # 18.

approximately 26.5 hours preparing Plaintiff's motion for summary judgment. The Court finds this amount of time somewhat excessive as the memorandum of law numbered only six (6) pages and the statement of facts six (6) more. Counsel has claimed other time (5.5 hours) for clerical tasks such as telephone calls to the Clerk of Court, consulting electronic filing (ECF) procedures, and filing papers with the Court. Although this time was reasonably necessary, the Court finds it unnecessary that this time be billed at the full $240 per hour rate. Elsewhere, the Court finds that in at least one instance, the fee affidavit was not sufficiently detailed. On August 28, 2010, counsel lists 2.0 hours of time and provides the following description: "communication with local counsel and litigation strategy......add details." Because the "details" were never "added," the Court finds that counsel has failed to show how these two hours of time were reasonable.

Based on these findings, the Court concludes that Plaintiff has met its burden to show the reasonableness of the vast majority of the time listed in counsel's affidavit. To the extent that approximately twenty percent of the time expended was unreasonable, the Court reduces the award of attorney's fees accordingly. Based on counsel's affidavit seeking $ 44,736.00 in attorney's fees less the Court's 20% reduction, the Court awards Plaintiff attorney's fees in the amount of $ 35,788.80.

### III.     Plaintiff's Claims for Costs

Plaintiff also seeks costs listed in the affidavit in the amount of $364.46. The costs include expenses for process servers, overnight delivery, and a Tennessee Department of

Insurance filing fee.[23] ERISA expressly provides for an award of costs as well as attorney fees.[24] However, 28 U.S.C. § 1920 generally governs awards of costs under federal law, including ERISA actions, and provides for only specific kinds of costs.[25] Section 1920 lists the following costs that a prevailing party may recover: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828.[26] Plaintiff has not sought an award of any of the costs specified in § 1920. Therefore, Plaintiff's request for an award of costs is **DENIED**.

### IV.     Joint and Several Liability of Counsel for Defendant

Plaintiff has further requested that the Court hold counsel for Defendant jointly and severally liable for an award of attorney's fees. Pursuant to 28 U.S.C. § 1927, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred

---

[23] *See* Pl.'s Fee Aff. 5, D.E. # 54-1.

[24] 29 U.S.C. 1132(g)(1) ("the Court, in its discretion, may allow a reasonable attorney's fee and costs of action to either party").

[25] *Agredano v. Mut. of Omaha Cos.,* 75 F.3d 541 (9th Cir. 1996); *O'Bryhim v. Reliance Standard Life Ins. Co.*, 997 F. Supp. 728, 737 (E.D. Va.1998); *Hall v. Ohio Educ. Ass'n,* 984 F. Supp. 1144 (S.D. Ohio 1997). *See also* Fed. R. Civ. Pro. 54(d)(1).

[26] 28 U.S.C. § 1920.

because of such conduct."[27]  A § 1927 sanction against an attorney may be appropriate even in the absence of any "conscious impropriety."[28]  The Sixth Circuit has framed the inquiry as not whether an attorney acted in bad faith but whether "an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims."[29]  In short, the sanction requires "a showing of something less than subjective bad faith, but something more than negligence or incompetence."[30]  Additionally, the Court may as a § 1927 sanction hold a party's attorney jointly and severally liable for the prevailing party's attorney's fees.[31]

The Court does not believe that the § 1927 standard is met in this case.  It is true that the Court has found that Defendant's legal positions in this case have had less merit than Plaintiff's.  The Court does not agree that counsel for Defendant has behaved so "unreasonably and vexatiously" that counsel should be sanctioned under § 1927.  Therefore, this request for relief is **DENIED**.

## CONCLUSION

Having determined that an award of attorney fees is warranted in this case, Plaintiff's petition for attorney's fees is **GRANTED**.  The Court awards Plaintiff a reasonable attorney's

---

[27] 28 U.S.C. § 1927.

[28] *Hall v. Liberty Life Assur. Co. of Boston*, 595 F.3d 270, 275 (6th Cir. 2010) (citation omitted).

[29] *Id*. at 275-76 (citation omitted).

[30] *Id*. at 276 (citation omitted).

[31] *Moore*, 458 F.3d at 447 (citation omitted).

fee in the amount of $35,788.80.  Plaintiff's request for costs is **DENIED** as is Plaintiff's request to sanction counsel for Defendant under 28 U.S.C. § 1927.  Therefore, Plaintiff's Motion is **GRANTED in part, DENIED in part**.

    **IT IS SO ORDERED.**

                                         **s/ S. Thomas Anderson**
                                         S. THOMAS ANDERSON
                                         UNITED STATES DISTRICT JUDGE

                                         Date: *May 17, 2011*.